**AFFIRMED; Opinion August 6, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00845-CR

**JONATHAN ANTHONY EDWARDS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F10-73371-J**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Jonathan Anthony Edwards appeals from the trial court's order denying his motion to dismiss the indictment. In his sole point of error, appellant contends that the trial court should have granted his motion because the seventeen-month delay between the date of the alleged offense and his arrest and indictment violated his Sixth Amendment right to a speedy trial under the United States Constitution. Because the Speedy Trial Clause provides no protection against this type of delay, we affirm. We issue this memorandum opinion as all dispositive issues are clearly settled in law. *See* TEX. R. APP. P. 47.4.

On April 16, 2012, after a traffic stop, appellant was arrested for aggravated assault arising out of an incident that allegedly occurred on November 26, 2010. Three weeks after the April 16 arrest, on May 8, 2012, appellant was indicted for the alleged November 26 aggravated

assault. Appellant filed a motion to dismiss the indictment on May 16, 2012 asserting the seventeen-month delay violated his Sixth Amendment right to a speedy trial. After a hearing, the trial court denied the motion. Pursuant to a negotiated plea, appellant then pleaded guilty to the charged offense and true to the enhancement paragraph. This appeal, filed with the permission of the trial court, followed.

In his sole point of error, appellant argues that he was denied his right to a speedy trial due to the delay between the alleged offense and his arrest/indictment. The Speedy Trial Clause protects criminal defendants from delays occurring between arrest and indictment and between indictment and trial. *See Brown v. State*, 163 S.W.3d 818, 822 (Tex. App.—Dallas 2005, pet. ref'd) (citing *United States v. MacDonald*, 456 U.S. 1, 7 (1982)). The protection is normally considered to attach as soon as a defendant is arrested or charged. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). It is the Due Process Clause, however, that provides protection against any delay between the alleged offense and arrest or indictment. *See Brown*, 163 S.W.3d at 822. Dismissal of an indictment under the Due Process Clause is appropriate if it is shown that that pre-indictment delay was an intentional delay that was designed to give the State a tactical advantage over the defendant. *See Spence v. State*, 795 S.W.2d 743, 749–50 (Tex. Crim. App. 1990).

As he did in the trial court, appellant complains on appeal only of the seventeen–month delay between the commission of the offense and appellant's arrest and indictment. Because appellant's complaint is not subject to the protections of the Speedy Trial Clause, the trial court did not err in denying appellant's motion to dismiss. Neither in the trial court nor in his appellate briefing does appellant assert the seventeen-month delay violated the Due Process Clause. Accordingly, the question of whether appellant's due process rights were violated by the pre-indictment delay is not before us. *See id*. at 823.

We overrule appellant's sole point of error and affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120845F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN ANTHONY EDWARDS,
Appellant

No. 05-12-00845-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-73371-J.
Opinion delivered by Justice Evans,
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of August, 2013.

/David Evans/
DAVID EVANS
JUSTICE

–4–